IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2003

## STATE OF TENNESSEE v. THELISA EMERY and MAURICE EMERY

Appeal from the Humboldt Law Court for Gibson County
Nos. H6980 & H6981      Clayburn Peeples, Judge

---

Nos. W2002-02698-CCA-R3-CD & W2003-03355-CCA-R3-CD
Filed March 15, 2004

---

The defendants, Thelisa Emery and Maurice Emery, sister and brother, were each convicted in a joint jury trial of possession with intent to sell .5 grams or more of cocaine, possession of marijuana, and possession of drug paraphernalia. On appeal, Thelisa Emery claims that the convicting evidence is insufficient and that the trial court erred in not severing the defendants' trials, in allowing testimony about Thelisa Emery's use of cocaine, in allowing evidence of her prior sale of cocaine, and in instructing the jury as to her guilt via criminal responsibility for the acts of Maurice Emery. Maurice Emery raised some of the same issues, but because he failed to file a timely motion for new trial, appellate review of his convictions is limited to the sufficiency of the convicting evidence. Discerning no reversible error with respect to either defendant, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Humboldt Law Court are Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Kyle Atkins, Humboldt, Tennessee, for the Appellant, Thelisa Emery; and Shannon Jones, Alamo, Tennessee, for Appellant, Maurice Emery.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; Garry G. Brown, District Attorney General; and Edward L. Hardister, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Law enforcement officers testified that on December 15, 2000, they went to Thelisa Emery's mobile home residence in Humboldt to execute a search warrant. When the officers arrived, they saw three persons outside the mobile home, and upon seeing the officers, one of the persons, Andrea Huspen, ran; the others went inside the mobile home. One officer pursued and apprehended

Huspen, on whose person the officer found cocaine and cash made up mostly of five-, ten- and twenty-dollar bills. The officers who entered the mobile home found the defendants and William King in the front room and pursued Clifford Woodruff, a juvenile, into the back bedroom. The officers found a bag of marijuana on Woodruff and two "crack pipes" on King. They found no drugs or money on Thelisa Emery or Maurice Emery, the latter of whom was wearing only a pair of shorts.

Upon searching the mobile home pursuant to the search warrant, the officers found 3.0 grams of cocaine and 1.2 grams of marijuana stuffed into a decorative wall fixture hanging in the back bedroom. In the bedroom, they also found a Swisher Sweet Blunts cigar box which contained marijuana residue, rolling papers, and a cigar wrapper.[1] In a kitchen cabinet, the officers found a utility knife with cocaine residue, a crack pipe, rolling papers, and a compact mirror with cocaine residue.

Maurice Emery stated that he had been hunting earlier in the day. After questioning by the police, he went to the back bedroom to retrieve and don a pair of jeans. Although Thelisa Emery's son occupied this bedroom, it contained, in addition to Maurice Emery's jeans, hunting clothes, boots, and shotgun shells.

Thelisa Emery admitted to the officers that she resided in the mobile home and stated that Maurice Emery did not reside there but stayed there occasionally. Over the objection of Thelisa Emery, an officer testified that, during the search, Thelisa Emery told him that she had used cocaine.

Clifford Woodruff testified that he arrived at the Emery residence about an hour before the police arrived. After he had been there about thirty minutes, Brandon Hunt came to the mobile home and purchased a rock of crack cocaine from the defendants. Woodruff testified that Maurice Emery took the rock from his pocket and gave it to Thelisa Emery, who gave it to Hunt. Hunt then handed cash to Thelisa Emery, who handed it to Maurice Emery. Woodruff denied that he placed drugs in the bedroom wall fixture.

On cross-examination, Woodruff admitted that on December 15, 2000, he told the officers that he had never seen drugs sold in the Emery residence. He further admitted that he changed his story to the current version on the day he appeared in juvenile court on his possession charge. In exchange for his agreement to testify against the defendants, the juvenile court possession charge was dismissed.

The defendants did not testify. Based upon the foregoing evidence, the jury convicted the defendants of possession of .5 grams or more of cocaine with intent to sell, possession of marijuana, and possession of drug paraphernalia. The trial court sentenced Maurice Emery, as a multiple offender, to an effective sentence of twelve years in the Department of Correction, and it

---

[1] One officer testified that a common practice among marijuana users was to remove the tobacco from Swisher Sweet Blunts and refill the cigar wrapper with marijuana.

sentenced Thelisa Emery, as a standard offender, to an effective sentence of ten years in the Department of Correction.

Before we address the substantive issues raised on appeal, we must address the untimely motion for new trial filed by Maurice Emery. The trial court entered the judgments of conviction on March 25, 2002. On December 30, 2002, the trial court entered an order that vacated and reentered the judgments, and on that same day, Maurice Emery filed a motion for new trial.

It is beyond question that motions for new trial must be filed within 30 days of the entry of the judgment of conviction, Tenn. R. Crim. P. 33(b); *Massey v. State*, 592 S.W.2d 333, 334 (Tenn. Crim. App. 1979), and this time period is not subject to extension, Tenn. R. Crim. P. 45(b); *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997). When thirty days elapsed following the entry of the judgments on March 25, 2002, the trial court lost jurisdiction to vacate the convictions. *See Martin*, 940 S.W.2d at 569.[2] In short, the December 30, 2002 motion for new trial was untimely, and Maurice Emery's issues, except for the claim of insufficiency of the evidence, may not be reviewed on appeal. Tenn. R. App. P. 3(e) (in jury case, "no issue presented for review shall be predicated upon error . . . on [] ground[s] on which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived"); *State v. Johnny Owens*, No. W2001-01397-CCA-R3-CD, slip op. at 10 (Tenn. Crim. App., Jackson, Nov. 8, 2002) (failure to file timely motion for new trial does not precluded appellate review of issue of sufficiency of the evidence), *perm. app. denied* (Tenn. 2003). Accordingly, our review of the sufficiency of the evidence will relate to both defendants, but the discussion of the remaining issues on appeal will relate only to Thelisa Emery.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not re-weigh the evidence but presume that the factfinder has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. *See State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984); *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

It is an offense for a defendant to knowingly possess a controlled substance with intent to sell the controlled substance. Tenn. Code Ann. § 39-17-417(a) (2003). With certain exceptions not presently applicable, "It is unlawful for any person to use, or to possess with intent

---

[2]Because Maurice Emery's motion for new trial was untimely, his February 7, 2003 notice of appeal was also untimely, *see* Tenn. R. App. P. 4(a); however, in the interest of justice, this court may excuse the untimely filing of a notice of appeal, *id.* In this case, we choose to do so and decline to dismiss Maurice Emery's appeal *in toto*.

to use, drug paraphernalia to . . . store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of [the law]." *Id.* § 39-17-425(a)(1) (2003).

The primary issues raised as to the sufficiency of the evidence are whether the state established that the defendants possessed the controlled substances and paraphernalia and whether the defendants, if in possession of the cocaine, intended to sell the cocaine. Tennessee courts recognize that possession may be either actual or constructive. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001); *see also State v. Bigsby*, 40 S.W.3d 87, 90 (Tenn. Crim. App. 2000). A person constructively possesses a controlled substance when he or she has "the power and intention at a given time to exercise dominion and control over [the contraband] either directly or through others." *Shaw*, 37 S.W.3d at 903 (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)). Said differently, constructive possession is the "ability to reduce an object to actual possession." *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). However, "[t]he mere presence of a person in an area where drugs are discovered is not, alone, sufficient." *Bigsby*, 40 S.W.3d at 90; *see also Cooper*, 736 S.W.2d at 129. "Likewise, mere association with a person who does in fact control the drugs or property where the drugs are discovered is insufficient to support a finding that the person possessed the drugs." *Cooper*, 736 S.W.2d at 129.

Applying the inferences from the evidence most favorable to the state, we conclude that the evidence was sufficient to establish that the defendants constructively possessed the drugs and paraphernalia. Thelisa Emery resided at the mobile home, and Maurice Emery stayed there occasionally. On the date in question, Maurice Emery was apparently using the back bedroom, at least to the extent that his clothing was lying in that room. Most of the paraphernalia was found in the kitchen, a common area of the residence. The amount of the crack cocaine found in the bedroom wall fixture was substantial.[3] Significantly, Woodruff testified that thirty minutes before the officers arrived, the defendants sold a rock of crack cocaine to Brandon Hunt. Although the officers found no drugs on the defendants' persons and found no money in the mobile home, the evidence showed that the defendants exercised dominion and control over the drugs and the paraphernalia and had the ability to reduce these materials to their actual possession. Accordingly, the evidence is sufficient to establish that both of the defendants constructively possessed the drugs and paraphernalia.

Also, we hold that Woodruff's testimony in the light most favorable to the state establishes that the defendants' possession of the cocaine was attended by an intent to sell.

In her next issue, Thelisa Emery claims that the trial court erred in denying her motion to sever the trials of the two defendants. Neither a written motion to sever defendants nor a transcript of a severance hearing appears in the record, but prior to beginning the trial, the trial judge announced that he had denied the motion to sever.

---

[3] One of the officers testified that the street value of the three grams of cocaine was about $600.

A defendant's motion for severance of offenses or defendants must be made before trial, except that a motion for severance may be made before or at the close of all evidence if based upon a ground not previously known. Tenn. R. Crim. P. 14(a). In general, the court

> shall grant a severance of defendants if: (i) before trial, it is deemed necessary to protect a defendant's right to a speedy trial or it is deemed appropriate to promote a fair determination of the guilt or innocence of one or more defendants; or (ii) during trial, with consent of the defendant to be severed, it is deemed necessary to achieve a fair determination of the guilt or innocence of one or more defendants.

*Id.* 14(c)(2). Our supreme court has said that, with respect to a Rule 14 motion to sever offenses, a motion to sever "is typically a pre-trial motion, *see* Tenn. R. Crim. P. 12(b)(5), and consequently, evidence and arguments tending to establish or negate the propriety of consolidation must be presented to the trial court in the hearing on the motion," *Spicer v. State* 12 S.W.3d 438, 445 (Tenn. 2000). "Further," the court said,

> because the trial court's decision of whether to consolidate offenses is determined from the evidence presented at the hearing, appellate courts should usually only look to that evidence, along with the trial court's findings of fact and conclusions of law, to determine whether the trial court abused its discretion by improperly joining the offenses.

Applying this notion from *Spicer* to a Rule 14 motion to sever defendants, the state of the record obviously hampers this court's ability to review the claim. Apparently, Thelisa Emery moved pretrial to sever her trial from that of her brother, but the record contains no copy of the motion, no transcript of a severance hearing, and no findings and conclusions of the trial court. Also, we find no mention in the record that Thelisa Emery made any further effort as the trial progressed to obtain a severance. Thus, she strives on appeal to place the trial court in error for denying a pretrial motion to sever, despite that she has presented us with no basis for reviewing the lower court's pretrial determination. The defendant, as the appellant, is obliged to furnish this court with a fair, accurate, and complete record of what transpired in the trial court with respect to the issues that form the bases of the appeal. Tenn. R. App. P. 24(b); *State v. Banes*, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993); *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). In the absence of such a record, the appellate court presumes that the trial court's action was correct. *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Even if we were to analyze the evidence at trial in the light of Thelisa Emery's claim that her trial should have been severed from that of Maurice Emery, we would find no basis for ordering a severance. We discern nothing in the record that indicates that Thelisa Emery was denied a fair trial as a result of being tried jointly with Maurice Emery. In particular, we discern no inculpating evidence that would have been excluded had Maurice Emery's trial been held separately. Thelisa Emery claims in her brief that the joint trial enabled the state to argue that the two defendants

conspired to sell drugs, but even if this claim warranted further analysis, we would be unable to address it because the arguments of counsel are not included in the record. Again, the appellant is obliged to provide a full and fair record of the proceedings below, and in the absence of a record of the arguments of counsel, we cannot review the claim that the joint trial resulted in prejudice via the state's argument. Thus, the claim of error in denying a severance fails.

Next, Thelisa Emery claims that the trial court erred in admitting two items of evidence in contravention of Tennessee Rule of Evidence 404(b). First, she complains that the trial court erroneously allowed Woodruff to testify that he saw the defendants sell cocaine to Brandon Hunt 30 minutes before the police arrived. Second, she claims that the lower court erred in allowing a police officer to testify that Thelisa Emery told him that she had used cocaine.

Tennessee Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:
>
> (1) The court upon request must hold a hearing outside the jury's presence;
>
> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence;
>
> (3) The court must find proof of the other crime, wrong, or act to be clear and convincing; and
>
> (4) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Tenn. R. Evid. 404(b).

With regard to Woodruff's testimony, the state argues that evidence that Thelisa Emery sold cocaine to Brandon Hunt 30 minutes before the police arrived to search the mobile home is probative of her intent to possess cocaine with intent to sell. We agree with the state.

Evidence may be admissible despite the prohibition of Tennessee Rule of Evidence 404(b) when the evidence of other acts is relevant to a material issue, such as identity, intent, or motive and when its probative value is not outweighed by the danger of unfair prejudice. *State v.*

*Robinson*, 73 S.W.3d 136, 151-52 (Tenn. Crim. App. 2001).  In such a situation, the court must further find that the evidence of the prior act is clear and convincing as required by *State v. Parton*, 694 S.W.2d 299, 303 (Tenn. 1985).  *Id.*  When a trial court substantially complies with the procedural requirements of Rule 404(b), its determination will not be overturned absent an abuse of discretion.  *State v. Dubose*, 953 S.W.2d 649, 652 (Tenn. 1997).

In the present case, Thelisa Emery claims in her brief that the evidence failed to establish that she possessed the controlled substances and that if she possessed the cocaine, she had no intent to sell it.  Accordingly, evidence that she sold cocaine is relevant to the material issue of intent. *State v. Samuel L. Giddens*, No. M2002-00163-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, Apr. 4, 2003); *State v. Robert Wayne Herron*, No. M2002-00951-CCA-R3-CD, slip op. at 3-4 (Tenn. Crim. App., Nashville, Jan. 22, 2003), *perm. app. denied* (Tenn. 2003); *State v. Little*, 854 S.W.2d 643, 649 (Tenn. Crim. App. 1992). This is especially true when the prior sale occurred only minutes before the drugs were discovered in the defendant's home.

In the present case, the trial court conducted a hearing as contemplated by Rule 404(b)(1).  It determined that the central issues in the case were whether Thelisa Emery possessed the drugs and the paraphernalia and whether, if she possessed the cocaine, she did so with intent to sell.  The court determined that evidence of the sale just minutes before the officers' arrival was highly probative of intent to sell and that the probative value outweighed the danger of unfair prejudice.  We note that the trial court did not specifically state that the prior act of selling cocaine had been established by clear and convincing evidence, but the conclusion is inescapable that Clifford Woodruff clearly testified that Thelisa Emery sold cocaine to Brandon Hunt.  The import of that expected testimony was imparted to the trial court in the Rule 404(b) hearing, and although Woodruff's actual testimony was attended by a strong defense effort to impeach him, we conclude that the trial court did not abuse its discretion in admitting Woodruff's testimony.

With regard to the police officer's redirect testimony that Thelisa Emery admitted using cocaine, we again apply a Rule 404(b) analysis.  The court conducted a jury-out hearing pursuant to Thelisa Emery's objection to the proposed testimony.  Although she initially objected on the ground that the proposed redirect testimony was beyond the scope of cross-examination, she ultimately claimed that the testimony would constitute inadmissible character evidence.  In response, the trial judge stated that, although the evidence could not be used as character or propensity evidence, it was relevant and admissible to show "the likelihood that the cocaine that is very definitely in dispute as to the ownership was, in fact hers."  On this basis, the trial court allowed the evidence.

The trial court determined that a material issue existed other than the defendant's propensity to sell cocaine, and it stated its findings and conclusion.  Although the trial court did not explicitly mention whether the probative value was outweighed by the danger of unfair prejudice or whether the prior act had been shown by clear and convincing evidence, we discern that the relevance and probative value of the evidence outweighs the danger of an unfair prejudicial effect. Thelisa Emery's home contained drug paraphernalia and cocaine residue in a common area; evidence

that she used cocaine was invidious. As for the showing of the prior act by clear and convincing evidence, the evidence emanates from Thelisa Emery's own admission; the record contains controversy that the officer reported the admission truthfully. In sum, we find no merit in this issue.

In her final issue, Thelisa Emery asserts that the trial court erred in charging the jury as to the principle of criminal responsibility. *See* Tenn. Code Ann. §§ 39-11-401, -402 (2003). She claims that she had a right to be notified via the indictment that the state would pursue this theory of prosecution. In counterpoint, the state argues that criminal responsibility is but a mode or theory by which the state may prove the charged offense, and it is not a separate offense. We agree with the state.

"An indictment that charges an accused on the principal offense 'carries with it all the nuances of that offense,' including criminal responsibility." *State v. Lemacks*, 996 S.W.2d 166, 173 (Tenn. 1999). Thus, when the defendants' indictments were consolidated for trial, Thelisa Emery was essentially apprized of the aptness of the theory of criminal responsibility. At any rate, her indictment need not have stated criminal responsibility as a theory available to support a prosecution. *See id.* at 172. Moreover, the evidence in the case supported a jury instruction that Maurice and Thelisa Emery acted complicity in the possession of cocaine with intent to sell. *See State v. Teel*, 793 S.W.2d 236, 249 (Tenn. 1990) (criminal accused entitled to a complete and correct charge of the law); *State v. Zirkle*, 910 S.W.2d 874, 892 (Tenn. Crim. App. 1995) (criminal defendant entitled to jury instructions on the law governing the issues raised by the evidence). We see no error in the trial court's instructing the jury on the law of criminal responsibility.

In conclusion, we affirm the judgments of the trial court as to both defendants.[4]

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[4]We have considered whether the issues raised by Thelisa Emery pose any need to notice plain error in Maurice Emery's case. *See* Tenn. R. Crim. P. 52(b) (appellate court may notice plain error despite defendant's waiver of issue when error affected the substantial rights of an accused). Of course, we discern no errors in Thelisa Emery's case, but we have considered whether the police officer's testimony that Thelisa Emery used cocaine prejudiced his case by virtue of the joint trial. We conclude that it is as likely that the officer's testimony tended to exculpate Maurice Emery as much as inculpate him. To be sure, we find no basis for noticing plain error.