IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

July 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR PUBLICATION |
| | ) | |
| Appellant, | ) | FILED: __July 6, 1999__ |
| | ) | |
| v. | ) | HUMPHREYS CIRCUIT |
| | ) | |
| JAMES R. LEMACKS | ) | HON. ROBERT E. BURCH, |
| | ) | JUDGE |
| Appellee. | ) | |
| | ) | NO. 01S01-9803-CC-00049 |
| | ) | |
| | ) | (D.U.I.) |
| | ) | |

For the Appellant:

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Daryl J. Brand
Senior Counsel
Assistant Attorney General
Nashville, Tennessee

For the Appellee:

J.P. Bradley
Waverly, Tennessee

OPINION

COURT OF CRIMINAL APPEALS
REVERSED;
TRIAL COURT JUDGMENT AFFIRMED

BARKER, J.

**OPINION**

We granted this appeal by the State of Tennessee to address the issue of jury unanimity in cases where the State relies on alternative theories of guilt to convict an accused under a single count indictment. In this case, the appellee, James Lemacks, was charged with driving under the influence of an intoxicant (DUI). The trial court instructed the jury that it could convict the appellee of DUI based upon evidence that he operated his automobile while intoxicated or that he was criminally responsible for allowing his friend, Clinton Sanchez, to drive the automobile while intoxicated. The jury returned a general verdict convicting the appellee of DUI.

On direct appeal, the Court of Criminal Appeals reversed the conviction holding that the appellee's right to a unanimous jury had been violated by the jury instruction and the general verdict of guilt. The intermediate court further concluded that to the extent the jury may have relied upon criminal responsibility to convict the appellee, the evidence was insufficient as a matter of law to sustain the DUI conviction.

For the reasons that follow, we conclude that the jury instruction and the general verdict satisfied the due process requirement of jury unanimity even though the appellee could have been convicted of DUI either based upon his own commission of the offense or by criminal responsibility for Sanchez' commission of the offense. Moreover, having reviewed the record in this case, we conclude that there was sufficient evidence for the jury to convict the appellee of DUI under criminal responsibility. The judgment of the Court of Criminal Appeals is reversed and the conviction of DUI is reinstated.

## BACKGROUND

On October 30, 1993, the appellee drove himself and three friends, Clinton Sanchez, Deborah Lucas and Gregory Duncan, from Fort Campbell, Kentucky to a party in Waverly, Tennessee. The group spent some time at the party and went to a local tavern. Around midnight, the group left the tavern and returned to the party. While at the party, Sanchez borrowed appellee's car keys so he could listen to music in the automobile.

In the early morning hours of October 31, Sanchez had an argument with his girlfriend and decided to leave the party. The appellee, Lucas, and Duncan climbed into appellee's automobile and left the party with Sanchez. It is undisputed that all four occupants had been drinking alcoholic beverages. However, the evidence conflicted on whether the appellee or Sanchez was driving the automobile.

The State presented evidence at trial that when the appellee and his friends left the party, the appellee refused Lucas' offer to drive back to Fort Campbell. Lucas testified that the appellee was the driver and that Sanchez was a passenger in the front seat. According to Lucas, the appellee had difficulty driving the automobile in reverse because the emergency brake was still on. Eventually, the appellee released the brake and proceeded down Clydeton Road.

Approximately one mile from the party, the automobile ran off the road and traveled 285 feet into a ditch where it struck an embankment. Lucas testified that after the wreck, she saw Sanchez open the driver's side door from the outside and release appellee's seat belt. Sanchez told Lucas that he had been ejected from the passenger's side window during the accident. When Sanchez released appellee's

3

seat belt, the appellee fell diagonally into the passenger seat, hitting his head on the windshield and rearview mirror.

Tennessee State Trooper Mike Smothers arrived at the scene and found that both Sanchez and the appellee had already exited the automobile. According to Trooper Smothers, appellee's injuries consisted of cuts and scrapes on the right side of his head. Sanchez appeared to have a knee injury and a slight injury to his head. After refusing medical treatment, Sanchez departed the accident scene and was not questioned by police. The appellee was questioned by Trooper Smothers while he was being treated in an ambulance, and he stated that he had been driving the automobile. The appellee was transported to a nearby hospital where he was tested for intoxication. His blood-alcohol level tested 0.20 percent. He was later indicted and arrested for DUI and vehicular assault.[1]

The appellee testified in his own defense that Sanchez had been drinking alcoholic beverages and was driving the automobile at the time of the accident.[2] He testified that he was asleep in the passenger seat when the accident occurred. According to the appellee, he observed Sanchez standing outside the driver's side window after the accident. Sanchez told him that they had driven into a ditch and that he was going to get help. The appellee testified that he lost consciousness while inside the automobile and fell against the dashboard. Because the passenger's side door was blocked by the embankment, emergency personnel had to pull him through

---

[1]The appellee was acquitted on the vehicular assault charge. Sanchez was not indicted or prosecuted for his involvement at the accident scene.

[2]At trial, the appellee was questioned as to why his recollection of events differed from what he had originally told Trooper Smothers at the accident scene. The appellee testified that he told Trooper Smothers that he could have been driving the automobile during the accident. The appellee explained, however, that his original version of events was unreliable due to his stress and injuries arising from the accident.

the driver's side door. The appellee testified that Sanchez had been drinking all evening, but he was uncertain whether Sanchez was intoxicated.

Jennifer Barker, a guest at the party, testified for the defense that Sanchez was very intoxicated and was driving the automobile when he and the appellee left the party. Barker was standing on the front porch when the automobile pulled out of the driveway. She testified that Sanchez had trouble reversing the vehicle and "spun gravel" as he turned onto the main road. Barker's testimony conflicted with that of Trooper Smothers, who testified that at the accident scene, Barker told him the appellee was driving the automobile.

At the conclusion of trial, the State requested that the jury be charged on criminal responsibility in addition to the principal charge of DUI. The trial court instructed the jury on the statutory elements of DUI and further instructed that a verdict of guilt could be based upon proof beyond a reasonable doubt that the appellee was driving the automobile while intoxicated or that he was criminally responsible for allowing Sanchez to drive the automobile while intoxicated. In a general verdict, the jury found the appellee guilty of DUI.[3]

The Court of Criminal Appeals reversed the trial court's judgment and remanded the case for a new trial. The intermediate court concluded that appellee's right to a unanimous jury had been violated and that there was insufficient evidence to sustain the conviction under the theory of criminal responsibility. The State now requests this Court to reverse the intermediate court and to reinstate the judgment of the trial court.

---

[3]The trial court sentenced the appellee to eleven months and twenty-nine days, with thirty days to be served in jail and the remainder to be served on probation. In addition, the trial court fined him $250.00, revoked his driver's license for one year, and ordered him to attend DUI school.

The State contends that the jury instruction and the general verdict of guilt did not violate the appellee's right to a unanimous jury. We agree.

At the request of the State, the trial court instructed the jury to deliberate and to render a unanimous verdict on the appellee's guilt or innocence under the single-count indictment. The jury was instructed that it could convict the appellee of DUI either by a finding beyond a reasonable doubt that he was driving while under the influence of an intoxicant or that he was criminally responsible for allowing Sanchez to drive the automobile while under the influence of an intoxicant. Although the trial court instructed the jury that its verdict must be unanimous, the court did not tell the jury that it had to be unanimous on the theory of guilt. The verdict form did not indicate the basis of the jury's finding.

Under Tennessee law, a criminal defendant has a constitutional right to a jury trial in cases where he or she is exposed to confinement or a fine of more than fifty dollars. State v. Dusina, 764 S.W.2d 766, 768 (Tenn. 1989); Grooms v. State, 221 Tenn. 243, 426 S.W.2d 176 (1968). This constitutional right necessarily includes the right to a unanimous jury verdict before a conviction of a criminal offense may be imposed. State v. Shelton, 851 S.W.2d 134 (Tenn. 1993); State v. Brown, 823 S.W.2d 576, 583 (Tenn. Crim. App. 1991).

Questions regarding jury unanimity generally arise in cases where the prosecution presents evidence to the jury that tends to show more than one criminal offense, but the underlying indictment is not specific as to the offense for which the accused is being tried. State v. Brown, 762 S.W.2d 135, 136-37 (Tenn. 1988);

6

Burlison v. State, 501 S.W.2d 801 (Tenn. 1973).[4] To insure that the jury renders a unanimous verdict in those cases, the trial judge has an affirmative duty to require the State to elect upon which offense it is submitting for the jury's consideration. Tidwell v. State, 922 S.W.2d 497, 501-502 (Tenn. 1996); State v. Shelton, 851 S.W.2d 134, 139 (Tenn. 1993).

Similarly, questions of jury unanimity may arise in cases where an accused is indicted and prosecuted for a single offense, but the jury is permitted to consider multiple criminal acts of the type which, if found beyond a reasonable doubt, would each support a conviction of the charged offense. See State v. Brown, 823 S.W.2d at 581-82. To avoid a "patchwork" verdict of guilt in those cases, the trial judge must "augment the general unanimity instruction to insure that the jury understands its duty to agree unanimously to a particular set of facts." Id. at 583.

In the present case, the Court of Criminal Appeals relied, in part, on the decision in Brown, 823 S.W.2d at 583, holding that the jury instructions and the general verdict of guilt did not insure jury unanimity on the factual basis underlying the appellee's conviction of DUI. We respectfully disagree with the intermediate appellate court's decision based upon our conclusion that the appellee's case is distinguishable from Brown. Unlike in Brown, the jury in the present case was not required to make findings from among several possible criminal events to determine whether the appellee was guilty of DUI.[5] The State presented evidence of one vehicular incident involving the appellee and his friends on October 31, 1993. From evidence pertaining

---

[4]This problem is often reflected in sex-abuse and child-abuse cases where the State establishes a pattern of criminal activity committed by the accused, but is unable to present detailed evidence concerning the specific criminal acts and the dates in which those acts occurred. See Tidwell v. State, 922 S.W.2d 497, 500-501 (Tenn. 1996); State v. Shelton, 851 S.W.2d 134, 136-37 (Tenn. 1993).

[5]Compare Brown, 823 S.W.2d at 581. In Brown, the jury rendered a general verdict of guilt on the single charge of cocaine possession with the intent to sell. See id. The evidence, however, depicted at least four incidents of cocaine possession by which the jury could have potentially based its guilty verdict. Id.

to the circumstances of that accident, the jury was to make one determination of guilt either based upon evidence that the appellee drove the automobile while intoxicated or that he permitted Sanchez to drive while intoxicated. The latter theory was based upon criminal responsibility for the conduct of another. Tenn. Code Ann. § 39-11-402 (1991).

As reflected in this case, criminal responsibility is not a separate, distinct crime. It is solely a theory by which the State may prove the defendant's guilt of the alleged offense, in this case DUI, based upon the conduct of another person. Tenn. Code Ann. § 39-11-402 provides that: [a] person is criminally responsible for an offense committed by the conduct of another if:

> (1) Acting with the culpability required for the offense, the person causes or aids an innocent or irresponsible person to engage in conduct prohibited by the definition of the offense;
>
> (2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense; or
>
> (3) Having a duty imposed by law or voluntarily undertaken to prevent commission of the offense and acting with intent to benefit in the proceeds or results of the offense, or to promote or assist its commission, the person fails to make a reasonable effort to prevent commission of the offense.

This Court has previously held that criminal responsibility is a codification of the common-law theories of aiding and abetting and accessories before the fact. State v. Carson, 950 S.W.2d 951, 955 (Tenn. 1997). As stated in the Sentencing Commission Comments, "[t]he revised code does not utilize these [common-law] terms; instead, it provides that any person may be charged as a party if he or she is criminally responsible for the perpetration of the offense." Tenn. Code Ann. § 39-11-401 Sentencing Commission Cmts.

8

It is well established that any person who aides or abets in the commission of a criminal offense is guilty in the same degree as the principal who committed the crime. Presley v. State, 161 Tenn. 310, 30 S.W.2d 231, 233 (1930); Jenkins v. State, 509 S.W.2d 240, 245 (Tenn. Crim. App. 1974) (citing 22 C.J.S. *Criminal Law* § 88(1), at 260-61), *perm. app. denied* (Tenn. 1974). Similar to that traditional common law, a defendant indicted and subsequently convicted of an offense by way of criminal responsibility is considered to be a principal offender of the crime for the purposes of due process and our criminal law. Carson, 954 S.W.2d at 954; State v. Johnson, 910 S.W.2d 897, 900 (Tenn. Crim. App. 1995); Tenn. Code Ann. § 39-11-401 Sentencing Commission Cmts.

In this case, the theory of criminal responsibility was raised by the evidence at trial. Under that theory, if the jury found that the appellee aided or otherwise permitted Sanchez to drive the appellee's automobile at a time when Sanchez was intoxicated, then the appellee was guilty of DUI. See Tenn. Code Ann. § 39-11-402. In addition, the appellee was guilty of DUI if the jury found that he was driving the automobile while under the influence of an intoxicant. See Tenn. Code Ann. § 55-10-401(a)(1). The trial court, therefore, properly instructed the jury on both theories of guilt.

As DUI was the only crime charged in this case, we conclude that the general verdict satisfied the appellee's right to a unanimous jury. The right of jury unanimity has never required more than a general verdict in cases where only one offense is at issue based upon a single criminal occurrence. See Schad v. Arizona, 501 U.S. 624, 631-32, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555 (1991); State v. Williams, 920 S.W.2d 247, 257-58 (Tenn. Crim. App. 1995) (holding that where only one offense is at issue, the jury's consideration of criminal responsibility along with a theory of direct liability did not violate the right of jury unanimity), *perm. app. denied* (Tenn. 1996). In such

9

cases, as here, where the State seeks to prove one crime arising from one event, we may presume that the jury's general verdict was unanimous. See Brown, 823 S.W.2d at 583. See also Carter v. State, 958 S.W.2d 620, 624 (Tenn. 1997) (stating that where a defendant is charged with first degree murder, a general verdict of guilt on that charge is valid even if the jury is instructed on both premeditated and felony murder).

## II.

The next issue is whether there was sufficient evidence to sustain the appellee's conviction based upon criminal responsibility for the conduct of Sanchez. This Court will not disturb a verdict of guilt for a lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). We review the evidence in the light most favorable to the State and do not engage in the assessment of witness credibility or the weight and value to be given to the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

To sustain a conviction of DUI in this case, the State was required to prove beyond a reasonable doubt that either the appellee drove his automobile on a public road while under the influence of an intoxicant or that he allowed Sanchez to operate the automobile at a time when Sanchez was under the influence. Tenn. Code Ann. § 55-10-401(a)(1). If the jury relied on the theory of criminal responsibility, it was required to find one of the following beyond a reasonable doubt: (1) the appellee caused or aided Sanchez to engage in the unlawful conduct and the appellee had the culpability required for DUI; (2) the appellee acted with intent to promote or assist the

commission of DUI and he solicited, directed, or aided, or attempted to aid Sanchez to commit the offense; or (3) the appellee failed to make a reasonable effort to prevent commission of the DUI and he had a duty imposed by law to prevent the commission of the offense. See Tenn. Code Ann. § 39-11-402.

After a review of the record, we conclude that the evidence was sufficient to support the DUI conviction based upon criminal responsibility. At trial, there was testimony from both the appellee and eyewitness Jennifer Barker that Sanchez was driving the automobile just before the accident. Sanchez had possession of the appellee's car keys when he and the appellee agreed to leave the party with their friends. Three eyewitnesses testified that Sanchez had been drinking alcoholic beverages for approximately six hours prior to the accident and that he was "very intoxicated." Based upon that evidence, the jury could have reasonably inferred that Sanchez drove the automobile while impaired by an intoxicant and that the appellee permitted or otherwise aided Sanchez' act of driving in that condition.

### III.

Finally, it is appropriate to address whether the appellee's indictment was constitutionally valid even though it did not include language pertaining to criminal responsibility.[6] We conclude that the indictment was valid in describing the DUI offense, including the time, date, and location where the offense allegedly occurred. The theories available to support a conviction of that offense were not required to be included in the indictment.

---

[6]In the appeal below, the Court of Criminal Appeals addressed whether the indictment was constitutionally deficient for failing to include a charge of DUI under criminal responsibility. The intermediate appellate court upheld the indictment as meeting the notice requirements announced in Warden v. State, 214 Tenn. 391, 381 S.W.2d 244, 245 (1964). The sufficiency of the indictment was not raised in this appeal. However, we have chosen to address it based upon the principles of due process that are at issue.

It is a well-known principle of law that a criminal indictment must include a sufficient description of the charged offense to insure that the accused understands the special nature of the charge he is called upon to answer. Jackson v. Virginia, 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979); State v. Byrd, 820 S.W.2d 739, 740-41 (Tenn. 1991). The essential functions of the indictment are to provide notice of the charged offense, to enable the trial court to enter a proper judgment upon conviction, and to afford protection for the accused against double jeopardy. Byrd, 820 S.W.2d at 741.

The indictment charged that the appellee was driving or was in control of a motor vehicle on a public road in Humphreys County, Tennessee on October 31, 1993, while under the influence of an intoxicant. See Tenn. Code Ann. § 55-10-401 (1991). Because the appellee was charged with the one offense of DUI, the indictment satisfied the notice requirements under Byrd even though it did not specifically include language of criminal responsibility.

As previously mentioned, criminal responsibility is not a recognizable offense in itself, but is solely a theory by which the State may hold the defendant liable for the principal offense committed by another. See Tenn. Code Ann. § 39-11-402. An indictment that charges an accused on the principal offense "carries with it all the nuances of the offense," including criminal responsibility. Johnson, 910 S.W.2d at 900 (quoting from State v. Lequire, 634 S.W.2d 608, 615 (Tenn. Crim. App. 1981)). Therefore, to the extent that the State sought to convict the appellee of DUI by way of criminal responsibility, the indictment was constitutionally valid in charging only DUI. In addition, we note that it was the appellee himself who presented evidence which allowed the State to pursue the theory of criminal responsibility. Under those circumstances, we have no concerns about the sufficiency of notice.

## CONCLUSION

We conclude that the general verdict of guilt satisfied the appellee's right of jury unanimity even though the jury was instructed that it could convict the appellee of DUI either based upon his own commission of the offense or by criminal responsibility for Sanchez' commission of the offense. Having further determined that the indictment and the convicting evidence were sufficient, we reverse the Court of Criminal Appeals and affirm the judgment of the trial court. The conviction of DUI is reinstated with costs of this appeal taxed to the appellee.

_____
WILLIAM M. BARKER, JUSTICE

CONCUR:

Anderson, C.J.,
Drowota, Holder, JJ.

DISSENT:

Birch, J.