IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 2000 Session

## STATE OF TENNESSEE v. ARTHUR CLARK

**Appeal from the Criminal Court for Shelby County**
**No. 96-10672     Chris Craft, Judge**

-------------------

**No. W1999-01747-CCA-R3-CD - Decided August 25, 2000**

-------------------

The defendant was found guilty by a Shelby County jury on two counts of rape. The second count of the indictment, charging rape of a "physically helpless" victim, was merged by the trial court with the first count, charging forcible rape; and the defendant was sentenced to eight years and three months. In this appeal as of right, he argues the trial court should have forced the State to elect one count of the indictment upon which to proceed. He further challenges the sufficiency of the evidence as to both counts of the indictment. We conclude the State was not required to make an election. We further conclude that the evidence is sufficient to support the defendant's conviction for forcible rape, but not rape of a "physically helpless" victim. Thus, we remand to the trial court for entry of a new judgment in accordance with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
### Affirmed As Modified

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Marvin E. Ballin and Mark A. Mesler, Memphis, Tennessee, for the appellant, Arthur Clark.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Daniel S. Byer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The defendant was invited by the victim's boyfriend to his home, which he shared with the victim and another female roommate. The two men spent the afternoon working on their vehicles and drinking beer. The victim testified that she told her boyfriend, in the presence of the defendant, that she had a headache and was going to take some medicine to help her sleep. Subsequently, the victim's boyfriend left the residence.

The victim went to bed and was awakened by the weight of another body on top of her. The victim testified that she was asleep on her stomach and felt someone "messing" with her "from behind." She thought it was her boyfriend, but when she called his name, he did not answer. She stated the person was pushing down on her head with his arm, and she could barely move. However, she was able to recognize that the man on top of her was the defendant. The defendant then pushed her head further into the pillow and pulled down her thermal pants and underpants and penetrated her vaginally. The defendant then left the room and went to sleep on the couch.

The next morning the victim's roommate arrived home, and the victim told her about the rape. The roommate then awakened the defendant and ordered him to leave. The roommate testified that when the defendant saw the victim on the porch, he stated, "I'm sorry. I thought I was dreaming."

The authorities were subsequently called. An officer found the defendant's wallet on the floor beside the victim's bed.

The defendant testified that when the victim's boyfriend left the house, the victim began "hugging" and "kissing" him. He stated the two went to the victim's bedroom and "made love." Thereafter, he returned to the living room where he fell asleep on the couch. He testified that he was unable to leave because the victim did not want him to drive home and had taken his keys and wallet. He stated that he would have been physically unable to rape the victim because, due to a prior automobile accident, he does not have full use of his left arm.

The defendant was indicted on two counts of rape. The first count alleged rape of the victim by force. Tenn. Code Ann. § 39-13-503(a)(1). The second count of the indictment alleged the defendant raped the victim when he knew or had reason to know the victim was "physically helpless." Tenn. Code Ann. § 39-13-503(a)(3). At trial, both counts were submitted to the jury, and guilty verdicts were returned on both counts. The two counts were merged at sentencing, and the trial court ordered the defendant to serve eight years and three months. This appeal followed.


## **ELECTION**

Prior to trial, the defendant filed a motion requesting the trial court to require the State to elect only one count of the indictment upon which to proceed. The trial court reserved ruling until the conclusion of the State's proof, at which time it concluded the State had presented a *prima facie* case as to both counts and was not required to make an election. The defendant contends the trial court erred.

The doctrine of election requires the State to elect a set of facts when it has charged a defendant with one offense, but there is evidence of multiple offenses. State v. Brown, 992 S.W.2d 389, 391 (Tenn. 1999). The doctrine has primarily been applied to crimes of a sexual nature where there have been several separate incidents of sexual assault. See Burlison v. State, 501 S.W.2d 801, 803 (Tenn. 1973). This doctrine is applied to ensure that the defendant can prepare for the specific

charge; to protect the defendant from double jeopardy; and to ensure that some jurors do not convict on one offense and other jurors on another. State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993).

Here, however, the two counts of the indictment allege a single offense, and the proof reflects only a single act of rape. There is no risk that different jurors could have based their individual determinations on different sets of facts; thus, those cases requiring an election have no application to the case at bar. See State v. Lemacks, 996 S.W.2d 166, 170 (Tenn. 1999). When the evidence does not establish that multiple offenses have been committed, the need to make an election never arises. State v. John Adams and Rita Adams, No. W1997-00190-SC-R11-CD, 2000 WL 875360, at *4 (Tenn. June 30, 2000). Therefore, the trial court did not err in failing to require an election.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient as to both counts of the indictment. He argues the victim's testimony is inconsistent with the medical testimony, which showed no signs of force. Furthermore, the defendant argues the State failed to prove the victim was "physically helpless" at the time of the rape. We conclude the evidence is insufficient to establish rape of a "physically helpless" victim, but is sufficient to establish forcible rape.

### A. Standard of Review

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Id.; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

### B. Analysis

Count two of the indictment alleged the defendant raped the victim while she was "physically helpless." Tennessee Code Annotated § 39-13-503(a)(3) defines rape as the unlawful penetration

of a victim by a defendant when the defendant "knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless." "Physically helpless" means a person is "unconscious, asleep or for any other reason physically or verbally unable to communicate unwillingness to do an act." Tenn. Code Ann. § 39-13-501(5).

At trial, the victim testified that she told her boyfriend, in the presence of the defendant, that she was taking medication to help her sleep because she had a headache. However, the testimony does not indicate that she was incapacitated, unconscious, or physically helpless due to the medication. The victim stated that she was groggy from the medication, but she was awakened prior to the actual rape. She further testified that at first she thought the person on top of her was her boyfriend. She repeatedly said his name, until she realized that it was in fact the defendant. She testified that she "immediately jumped up" and left the room after the rape. Thus, she was able to verbalize her "unwillingness" to have sexual intercourse. We, therefore, conclude there was insufficient evidence for the jury to conclude the victim was "physically helpless" at the time of the rape.

However, there was sufficient evidence to support the first count of the indictment alleging forcible rape. "Force" involves "compulsion by the use of physical power or violence." Tenn. Code Ann. § 39-11-106(12).

The victim testified that the defendant pinned her to the bed, forcibly pulled her underclothing down below her knees, and vaginally penetrated her from behind. The testimony from the victim revealed that the defendant was on top of her and held her down with the weight of his body. Furthermore, she testified that he held her head down with his hand, and when she tried to turn her head, he pushed her head further into the pillow. Although the defendant testified that the sexual intercourse was consensual, the jury obviously discredited his testimony and accredited the testimony of the victim. The credibility of witnesses is a matter for the jury, not this court. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). The evidence is sufficient to sustain forcible rape as alleged in count one.

Thus, the defendant's conviction under count one is affirmed. We recognize that the original judgment merged the two counts. The original judgment listed count one as the conviction offense. However, due to a clerical error, the original judgment erroneously reflected the defendant was a "standard offender" instead of a "violent offender" as required by statute. See Tenn. Code Ann. § 40-35-501(i). An amended judgment was entered; however, the amended judgment is blank as to a count of the indictment. Thus, in light of our holding and for clarification, we remand for entry of a new judgment specifically reflecting that the defendant has been convicted of and sentenced on count one of the indictment.

## CONCLUSION

We conclude the trial court appropriately held that the State was not required to make an election. However, we conclude the evidence is insufficient to support the defendant's conviction

-4-

under count two of the indictment, alleging the defendant raped the victim while she was "physically helpless." The evidence is sufficient to support the defendant's conviction under count one of the indictment, alleging the rape was committed by force. Thus, we remand for entry of a proper judgment, reflecting a conviction on count one only.

_____
ALAN E. GLENN, JUDGE