IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 14, 2006

## KIMBERLY GREENE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Blount County**
**No. C-15441    D. Kelly Thomas, Jr., Judge**

_____

**No. E2005-01556-CCA-R3-HC - Filed June 13, 2006**

_____

Petitioner, Kimberly Greene, filed a *pro se* petition for writ of habeas corpus on March 1, 2005, and counsel was subsequently appointed to assist Petitioner. A hearing was held on June 1, 2005, and, after consulting with her counsel, Petitioner voluntarily withdrew her petition. Thereafter Petitioner filed a *pro se* notice of appeal. Upon a review of the record in this case, we conclude that the trial court was correct in summarily dismissing the habeas corpus petition. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which and DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Kimberly Greene, Memphis, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Robert Headrick, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

Following a jury trial, Petitioner was convicted of the offense of rape of a child under a theory of criminal responsibility, and her conviction was upheld on appeal. *See State v. Kimberly Greene*, No. E1999-02200-CCA-R3-CD, 2001 WL 112312 (Tenn. Crim. App., at Knoxville, Feb. 9, 2001), *perm. to appeal denied* (Tenn. June 6, 2001). The trial court sentenced Petitioner to serve twenty-five years. Pursuant to Tennessee Code Annotated section 39-13-523, Petitioner was ordered to serve one hundred percent of her sentence undiminished by any sentence reduction credits for which she may be eligible or earn. On appeal, a panel of this Court concluded that the legislative intent that a child rapist serve one hundred percent of the sentence imposed is clear, and the trial court did not err in ordering Petitioner to serve one hundred percent of her sentence in confinement. *Kimberly Greene*, 2001 WL 112312, at *12.

In her habeas corpus petition, Petitioner contended that she was convicted of the offense of "criminal responsibility for the rape of a child," not rape of a child, and the offense of "criminal responsibility for the rape of a child" is not one of the enumerated offenses covered by section 39-13-523. Consequently, Petitioner argued that the trial court should have sentenced her as a Range I, standard offender, with a thirty percent release eligibility.

At the habeas corpus hearing, Petitioner's counsel announced that he had explained the concept of "criminal responsibility" to Petitioner. Based on their discussions, Petitioner voluntarily withdrew her petition for habeas corpus relief. In its order, the trial court found that "[a]fter the petitioner consulted with counsel, the petitioner voluntarily with[drew] her petition upon recognizing that the petition is not supported by law," and dismissed the petition without further action. These proceedings in the trial court are sufficient to affirm the judgment dismissing the petition. Even if Petitioner had not voluntarily withdrawn her petition, it would have been properly dismissed without a hearing.

The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the Petitioner, or the Petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *McLaney*, 59 S.W.3d at 93. The Petitioner has the burden of showing that his or her sentence has expired by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Seven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., Jackson, Mar. 11, 1998).

Criminal responsibility is not a separate crime. Rather, it is "solely a theory by which the State may prove the Petitioner's guilt of the alleged offense . . . based upon the conduct of another person." *State v. Lemacks*, 996 S.W.2d 166, 170 (Tenn. 1999). In other words, a person is criminally responsible for the commission of an offense if the offense is committed by the person's own conduct, or by the conduct of another person for which the person is criminally responsible, or both. T.C.A. § 39-11-401.

Petitioner was convicted of rape of a child and ordered to serve one hundred percent of her twenty-five-year sentence in confinement pursuant to Tennessee Code Annotated section 39-13-523. There is nothing on the face of Petitioner's judgment to indicate that it is void, and consequently no grounds exist which would entitle Petitioner to habeas corpus relief. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE