# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
September 11, 2007 Session

## STATE OF TENNESSEE v. LARRY DAVIS

### Appeal from the Criminal Court for Shelby County
### No. 02-08243     James C. Beasley, Jr., Judge

------------

### No. W2006-01944-CCA-R3-CD  - Filed November 8, 2007

------------

This is a delayed appeal from a conviction for driving under the influence of an intoxicant (DUI). For this conviction, the Defendant, Larry Davis, received a sentence of eleven months and twenty-nine days in the Shelby County Workhouse. In this appeal, the Defendant raises several issues relating to the sufficiency of the evidence, focusing on whether the evidence was sufficient for the jury to determine that he was driving on a public road. The Defendant also contends that the State committed prosecutorial misconduct during closing argument by relating the complete language of the DUI statute to the jury, including driving in an apartment house complex. The Defendant also alleges error by the trial court's failure to take curative action after the State's comments. Finally, the Defendant argues that his arrest was not supported by probable cause because the misdemeanor offense was not committed in the officer's presence. Following a review of the record, we conclude that the evidence is sufficient to support the Defendant's conviction for DUI and that the Defendant's remaining issues are waived. The judgment of the trial court is affirmed.

### Delayed Appeal Pursuant to Tenn. Code Ann. § 40-30-113;
### Judgment of the Criminal Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Randall B. Tolley, Memphis, Tennessee, for the appellant, Larry Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Pritchard, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION
## Factual Background

On October 29, 2002, a Shelby County grand jury indicted the Defendant for DUI, a Class A misdemeanor. See Tenn. Code Ann. §§ 55-10-401, -403. The indictment at issue reads in part as follows:

> [The Defendant] on October 2, 2001 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and recklessly, while under the influence of an intoxicant, drive and physically control a motor vehicle upon a public highway in Shelby County, Tennessee, in violation of T.C.A. 55-10-401, against the peace and dignity of the State of Tennessee.

Following a jury trial, the Defendant was convicted as charged for driving under the influence on a public road or highway. Thereafter, the Defendant was sentenced to eleven months and twenty-nine days in the county workhouse. After five days of service, the Defendant was to serve the balance of his sentence on probation.

The Defendant filed a motion for a new trial, challenging that the "verdict [was] contrary to law[,]" the "record in this cause [was] insufficient to establish guilt beyond a reasonable doubt as to the elements charged in the indictment[,]" and "[t]here was no probable cause to establish a DUI arrest and this should have been established prior to or during trial and this charge should be dismissed." A hearing was held, and the trial court denied the motion.

A timely appeal to this Court followed. See State v. Larry Davis, No. W2005-01341-CCA-R3-CD, 2006 WL 526093 (Tenn. Crim. App., Jackson, Mar. 1, 2006). In that appeal, the Defendant raised the following issues for review:

> (1) Whether the verdict is contrary to law and cannot be upheld.
>
> (2) Whether the evidence in this cause is insufficient to sustain a conviction as to the indictment and the jury charge of driving on a public highway where there was no proof of such.
>
> (3) Whether the trial court erred in refusing to give a curative instruction after the State argued to the jury that Larry Davis could be convicted of DUI for "driving" in a parking lot.
>
> (4) Whether the State committed prosecutorial misconduct by arguing law that was not being charged to the jury in order to convict Larry Davis of driving in an apartment complex parking lot.

(5) Whether the trial court erred in not granting the Motion for New Trial/Judgment of Acquittal.

(6) Whether there was probable cause to establish a DUI arrest.

Id. at *1. This Court affirmed the guilty verdict due to the Defendant's failure to include a transcript of the trial or a statement of the evidence as required by Tennessee Rule of Appellate Procedure 24. Id. at *2. Based upon the absence of an adequate record, the Court was unable to address the Defendant's issues. Id.

On June 19, 2006, the Defendant filed a post-conviction petition alleging ineffective assistance because trial counsel failed to have the trial transcribed and failed to include "meritorious grounds" in the motion for a new trial and because appellate counsel failed to file a transcript or statement of the evidence thereby denying him an appeal. The post-conviction court determined that "the Defendant failed to prove ineffective assistance of counsel as to trial counsel . . . ." However, the court then concluded that the "failure to provide a narrative of facts on appeal cost the Defendant the right to have issues reviewed" and granted the Defendant a delayed appeal under Tennessee Code Annotated section 40-30-113.

As a result of the granting of the delayed appeal, a direct appeal of the Defendant's conviction is again before this Court.[1] In this appeal, the Defendant has prepared a statement of evidence as contemplated by Rule 24(c) of the Tennessee Rules of Appellate Procedure. The statement of the evidence[2] recites the facts as follows:

On October 2, 2001, [the Defendant] was arrested after he backed his vehicle into a parked vehicle in an apartment complex parking lot at 622 Freeman in Memphis, Tennessee. The vehicle that he had struck belonged to Christie Haywood, who was a resident at the apartment complex. At around 9:00 [p.m.], Ms. Haywood heard a crash outside her bedroom window. Her mother came into her room shortly thereafter to tell her that someone had struck her car. When Ms. Haywood went outside to investigate she saw her car had been struck by another vehicle and she saw [the Defendant] who was banging on someone else's apartment door. [The

---

[1] Prior to oral argument in this case, the State submitted Howard Lee Coleman v. State, No. W2006-02601-CCA-R3-PC, 2007 WL 1651882 (Tenn. Crim. App., Jackson, June 7, 2007), to this Court for consideration, concerned "that the same problem found in Coleman" was present in this case. In Coleman, appellate counsel and post-conviction counsel on the amended petition following direct appeal, were one and the same. Id. at *7. That case was remanded for a determination of whether the Petitioner was aware of the conflict of interest and, after full disclosure, consented to the representation. However, after reviewing Coleman, we conclude that Coleman is factually different from the case currently before this Court. In this case, the same lawyer represented the Defendant in the original appeal and in this delayed appeal. No post-conviction issues are presently before this Court, and we note that the post-conviction petition seeking a delayed appeal was filed by a different attorney.

[2] The statement of the evidence provided by the Defendant is taken from the trial court's order denying his motion for a new trial.

Defendant] stated to Ms. Haywood that he was at the apartments to visit a friend. The friend never answered the door. At trial Ms. Haywood testified that [the Defendant] apologized profusely and offered to pay her two hundred dollars to avoid police involvement. He also told her that he would drive to an ATM immediately to get her the money.

Ms. Haywood testified that she asked the Defendant if he was drunk, and that he replied that he had been drinking Heineken, but that he could drive. Ms. Haywood testified that he tried to get into his truck and leave, but that she physically stopped him from leaving by standing in between the driver's side car door and the car, thereby preventing the Defendant from closing the door and leaving until the police arrived.

The responding officer, Officer Tate, testified that he notice[d] the Defendant was intoxicated as soon as he approached him and Ms. Haywood. He also stated that the Defendant stated, "he had had too much to drink and he wanted to pay the owner for the damage in order to prevent the situation from going any further. After the Defendant failed field sobriety tests, he was placed under arrest." [sic]

(footnote omitted). We now consider the merits of the Defendant's issues—identical to those raised in his first appeal to this Court.

## ANALYSIS

### I. Sufficiency of the Evidence

First, the Defendant raises several issues regarding the sufficiency of the proof supporting his DUI conviction. He phrases this argument in several different ways: the "verdict is contrary to the law charged and cannot be upheld"; "[t]he evidence in this cause is insufficient to sustain a conviction as to the indictment and the jury charge of driving on a public highway"; and "[t]he trial court erred in not granting the Motion for a New Trial/Judgment of Acquittal." The Defendant states that he "is not objecting to the indictment, nor the law charged but merely stating that there is no proof as to what the jury was instructed on. . . . There was no proof presented to the jury that [the Defendant] ever operated a motor vehicle on a public highway, as indicted." Moreover, according to the Defendant, the trial court "[o]bviously . . . knew the proof did not conform to the law instructed, made numerous statements about it, ignored it and refused to act as a thirteenth juror."

First, we note that the trial judge explicitly overruled the Defendant's motion for judgment of acquittal, concluding that "there is enough here for this to go to the jury . . . ." On appellate review of a denial of a motion for judgment of acquittal, we apply the same standard as a question of the sufficiency of the convicting evidence. See, e.g., State v. Brewer, 945 S.W.2d 803, 805 n.2 (Tenn. Crim. App. 1997). Moreover, regarding the alleged trial court error in not granting a new trial based upon the judge's role as a thirteenth juror, the Defendant does not directly point to any statements by the trial judge indicating disagreement with the jury's verdict or evidencing a refusal

-4-

to act as a thirteenth juror, and we can find none. This Court's review is limited to the sufficiency of the evidence. See State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). In essence, all of the Defendant's arguments challenge the convicting proof.

Next the State points out that, although the Defendant claims he is not challenging the indictment but only the sufficiency of the evidence, he makes several statements insinuating that the proof at trial varied fatally from the offense alleged in the indictment. For all intents and purposes, he contends that the jury was permitted to convict him upon a factual basis that effectively modified an essential element of the offense charged, i.e., the act occurred in an apartment complex parking lot rather than on a public road as indicted. This issue is rendered moot by our determination that the evidence was sufficient to support his conviction for driving on a public road. However, even if the variance suggested by the Defendant occurred in this case, we question whether such a variance would have been fatal to the prosecution. See generally State v. Tina Wiggs, No. 01C01-9310-CC-00346, 1995 WL 324602, at *3 (Tenn. Crim. App., Nashville, May 30, 1995) ("The elements of driving while under the influence are the same whether a defendant operates a motor vehicle on a public highway or road or on any of the other locations designated in the statute.") (citing State v. Phillip L. Joslin, No. 01-C-01-9005-CC-00116, 1990 WL 199900 (Tenn. Crim. App., Nashville, Dec. 13, 1990)).

Because the indictment did not list any of the other locations designated by statute, the trial court, in its charge to the jury, charged only that the Defendant could be convicted of DUI if the act occurred on a public road or highway. See Tenn. Code Ann. § 55-10-401(a) (additional proscribed locations include "any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large"). Specifically, the Defendant asserts that the apartment complex parking lot where he and his vehicle were found does not qualify as public road or highway and that, therefore, the evidence is insufficient to sustain his conviction.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at

558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

A guilty verdict can be based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. See State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). While a guilty verdict may result from purely circumstantial evidence, in order to sustain the conviction the facts and circumstances of the offense "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt." State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971). "In other words, a web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." Id. at 613.

As indicted and charged in this case, in order to convict the Defendant of DUI, the State was required to prove, beyond a reasonable doubt, (1) that the Defendant was driving or in physical control of a motor vehicle, (2) that this act occurred on a public road or highway, and (3) that the Defendant was under the influence of an intoxicant. See Tenn. Code Ann. § 55-10-401(a)(1). The record before us does not indicate precisely under what theory the jury found the Defendant guilty—either driving while intoxicated or being in physical control of a motor vehicle while intoxicated. Nonetheless, a general verdict is permitted when only one offense is at issue based upon a single criminal occurrence. See State v. Butler, 108 S.W.3d 845, 850 n.3 (Tenn. 2003); State v. Lemacks, 996 S.W.2d 166, 171 (Tenn. 1999).

In the case under submission, the Defendant does not dispute that he was driving while intoxicated in an apartment complex parking lot. He does however contend that the apartment complex parking lot was not a public road or highway and that, therefore, there was no proof that he had been driving or was in physical control of the automobile on a public road or highway. While we agree that an apartment complex parking lot is not a public road, we disagree that the evidence presented was insufficient for the jury to find he was driving or was in physical control of the vehicle on a public road.

Although the Defendant's sufficiency argument does not concentrate on whether he was driving or in physical control of the vehicle, we find relevant to the sufficiency analysis herein the totality of the circumstances test adopted by our supreme court in State v. Lawrence, 849 S.W.2d 761 (Tenn. 1993). In Lawrence, the Tennessee Supreme Court adopted a totality of the circumstances test for the purpose of determining whether a person was in physical control or driving a motor

vehicle. Id. at 765; see also State v. Butler, 108 S.W.3d 845, 850 (Tenn. 2003). Our high court provided a nonexhaustive list of factors relevant to that determination, including the following:

> the location of the defendant in relation to the vehicle; the whereabouts of the ignition key; whether the motor was running; the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle; or the extent to which the vehicle itself is capable of being operated or moved under its own power or otherwise.

Lawrence, 849 S.W.2d at 765; see also Butler, 108 S.W.3d at 850. This totality of the circumstances approach is "highly factual and . . . all circumstances should be taken into consideration by the trier of fact." Butler, 108 S.W.3d at 850. Moreover, these factors can be used as circumstantial evidence that the Defendant had been driving the vehicle. Id.

In Butler, the Tennessee Supreme Court held that there was sufficient evidence to support a defendant's convictions under section 55-10-401(a)(1). Id. at 850-52. When the defendant was apprehended by a police officer, he was intoxicated and "was in reasonable proximity to his motorcycle (one hundred yards) having just removed the spark plug in the parking lot." Id. at 851. The defendant admitted to driving the motorcycle to Wal-Mart before being arrested. Id. at 850. Despite the defendant's contentions that he did not start drinking until after his arrival at Wal-Mart, the court concluded that a jury could reasonably find that the defendant had driven to Wal-Mart while intoxicated. Id. The court also determined that a rational juror could have found that the defendant was in physical control of his vehicle as he was in reasonable proximity to the motorcycle and could direct its operation and movement. Id. at 851. This was true irrespective of the facts that he had removed the spark plugs and flooded the engine. Id. at 852.

In the case at bar, viewing the evidence in the light most favorable to the State, the proof showed that the Defendant, while intoxicated, drove his vehicle to the apartment complex parking lot. He then crashed into Ms. Haywood's parked car. According to Ms. Haywood, on October 2, 2001, she heard an automobile crash outside her bedroom window around 9:00 p.m. Shortly thereafter, she became aware that her vehicle might have been involved in the wreck, and she went outside to investigate. She saw the Defendant "banging on someone else's apartment door." The Defendant told Ms. Haywood that he was at the apartment complex to visit a friend, but no one ever answered the door. He admitted to Ms. Haywood that he had hit her vehicle, apologized profusely, and offered to pay her money in order to avoid police involvement. The Defendant stated that he would drive to an automated teller machine immediately to get money. His efforts to leave were only thwarted by Ms. Haywood, who "physically stopped him from leaving by standing in between the driver's side car door and the car, thereby preventing the Defendant from closing the door and leaving until the police arrived." Inferentially, the Defendant was in the driver's seat, in possession of the ignition key, and the automobile was capable of being driven.

The purpose of the DUI statute was "'to enable the drunken driver to be apprehended before he strikes.'" Lawrence, 849 S.W.2d at 765 (quoting Hughes v. State, 535 P.2d 1023, 1024 (Okla.

Crim. App. 1975)). Regardless of Ms. Haywood's valiant efforts to hinder the Defendant from driving away from the apartment complex parking lot, it is clear that the Defendant could direct the operation and movement of the vehicle. Butler, 108 S.W.3d at 851. He "could have at any time started the engine and driven away.'" Lawrence, 849 S.W.2d at 765.

The proof is undisputed that the Defendant was intoxicated at the time of his arrest in the apartment complex parking lot. Both Officer Tate and Ms. Haywood noticed the Defendant's intoxication. By his own admission, the Defendant had been drinking beer shortly before crashing into Ms. Haywood's car. He stated to Officer Tate that "he had had too much to drink and he wanted to pay the owner for the damage in order to prevent the situation from going any further." Officer Tate administered field sobriety tests, which the Defendant failed. But for the Defendant's intoxication, he could have directed the use or non-use of the vehicle.

The Defendant's argument focuses on the fact that his arrest occurred in the parking lot and that no one actually saw him drive on a public road. However, in order to get to the parking lot the Defendant had to drive on a public road. What the Defendant neglects to acknowledge is that, despite the fact that he was observed only in the apartment complex parking lot, circumstantial evidence was sufficient to convict him of driving on a public road. The jury could have concluded beyond a reasonable doubt that the Defendant had recently driven on a public road to the apartment complex. See Butler, 108 S.W.23d at 850. Furthermore, based upon the evidence presented, a rational juror could have found that the Defendant was in physical control of the vehicle. See id. at 852. The Defendant attempted to leave the apartment complex and was only stopped by Ms. Haywood from doing so. We conclude that this evidence was sufficient for a rational trier of fact to find the essential elements of driving under the influence beyond a reasonable doubt. See generally State v. Frankie Hill, No. 01C01-9605-CC-00225, 1997 WL 277360 (Tenn. Crim. App., Nashville, May 21, 1997) (DUI conviction where the defendant was apprehended in a driveway accessible only from the parking lot; proof was sufficient to support conviction based upon driving in a parking lot).

## II. Additional Issues

The Defendant raises three additional issues for our review: (1) the trial court erred in failing to give a curative instruction following the State's remarks during closing argument—reading the complete language of Tennessee Code Annotated section 55-10-401 including the additional proscribed locations, i.e., "any apartment house complex," a location not alleged in the indictment or charged to the jury; (2) these statements amounted to prosecutorial misconduct on the part of the State; and (3) the officer lacked probable cause to arrest the Defendant because the offense was a misdemeanor and was not committed in the officer's presence.

In the Defendant's first appeal, this Court determined that waiver of these issues was appropriate:

> [I]ssues three [failure to give a curative instruction] and four [prosecutorial misconduct] are waived because the [Defendant] failed to include these issues in his

motion for new trial.  See Tenn. R. App. P. 3(e).  Additionally, the [Defendant's] sixth issue [lack of probable cause] is waived for failure to raise the issue in a motion to suppress prior to trial.  See Tenn. R. Crim. P. 12(b)(3) and (f).

Davis, 2006 WL 526093, at *1.  We agree that the Defendant's issues are waived for the reasons cited therein, and the Defendant has made no attempts in this appeal to argue that his issues are not waived.  As such, the Defendant has again waived any consideration of these issues on appeal.[3]

## CONCLUSION

In accordance with the foregoing reasoning and authorities, we conclude that sufficient evidence exists to sustain the Defendant's DUI conviction.  The Defendant's remaining issues are waived.  The judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[3] We briefly note that the trial court did take curative measures following the statements made by the State during closing argument and that Defendant's arrest was lawful pursuant to Tennessee Code Annotated section 40-7-103(a)(6) because Officer Tate had probable cause to believe that the Defendant had committed the offense of DUI.