# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs at Knoxville December 9, 2014

## STATE OF TENNESSEE v. LORENZO MALONE

### Appeal from the Criminal Court for Wilson County
No. 011404    John D. Wootten, Jr., Judge

_____

### No. M2014-01316-CCA-R3-CD - Filed January 15, 2015

_____

Appellant, Lorenzo Malone, filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1, which was summarily denied by the trial court. Because Appellant has failed to state a colorable claim that his life sentence for first degree felony murder is illegal, we affirm the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

Timothy L. Easter, J., delivered the opinion of the court, in which Thomas T. Woodall, P.J., and Alan E. Glenn, J., joined.

Lorenzo Malone, pro se, Only, Tennessee, appellant.

Herbert H. Slatery, III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Tom P. Thompson, District Attorney General; and Linda Walls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

Over ten years ago, a Wilson County jury found Appellant criminally responsible for the first degree felony murder of eighty-three-year-old Robbie Jones. One of Appellant's co-defendants beat Ms. Jones to death with the butt of a shotgun as she slept while Appellant burglarized her home. Appellant received a life sentence with the possibility of parole. Appellant's conviction was affirmed on direct appeal. *State v. Lorenzo Malone*, No. M2003-02770-CCA-R3-CD, 2005 WL 1521788 (Tenn. Crim. App. June 27, 2005). Subsequently, the denial of Appellant's petition for post-conviction relief

was also affirmed on appeal. *Lorenzo Malone v. State*, No. M2007-02641-CCA-R3-PC, 2009 WL 636120 (Tenn. Crim. App. Mar. 11, 2009)*, perm. app. denied* (Tenn. Aug. 17, 2009).

On June 11, 2014, Appellant filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1, alleging that his life sentence is illegal because it is outside of the applicable sentencing range for his conviction. Appellant asserted that his current sentence should be "reduced to its minimum term of punishment" for a Class A felony committed by a Range I offender. The trial court summarily denied Appellant's motion through an order entered on June 20, 2014, and Appellant timely appealed.

*Analysis*

Appellant maintains his argument that the trial court erroneously sentenced him outside of the applicable sentencing range. Appellant also argues, for the first time on appeal,[1] that his current sentence impermissibly lacks a fixed term of years from which his release eligibility date can be calculated. The State contends that Appellant's sentence is not illegal.

Tennessee Rule of Criminal Procedure 36.1(a) provides:

> [A] defendant . . . may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

If a defendant's motion fails to state a colorable claim, the defendant is not entitled to a hearing or appointed counsel. *See* Tenn. R. Crim. P. 36.1(b). "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014) (quoting Tenn. Sup. Ct. R. 28 § 2(H)).

We agree with the State that Appellant's complaints arise from his misunderstanding of the concept of criminal responsibility. Appellant seems to argue that he should have been sentenced within the statutory range applicable to a Class A felony because he was only convicted of murder by way of criminal responsibility, rather than as

---

[1]"[I]ssues are generally waived unless they were raised in or presented to the trial court . . . ." *State v. Smith*, 436 S.W.3d 751, 775 n.16 (Tenn. 2014).

the principal perpetrator of the murder. Contrary to Appellant's assertions, however, the law does not prescribe a lesser punishment for one convicted of an offense under the doctrine of criminal responsibility.

Tennessee Code Annotated section 39-11-402 provides in part:

A person is criminally responsible for an offense committed by the conduct of another, if:

. . . .

(2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense . . . .

Recently, in *State v. Dickson*, 413 S.W.3d 735, 744 (Tenn. 2013), our supreme court explained:

Criminal responsibility is not a separate crime, but "a theory by which the State may prove the defendant's guilt of the alleged offense . . . based upon the conduct of another person." *State v. Lemacks*, 996 S.W.2d 166, 170 (Tenn. 1999). Criminal responsibility represents a legislative codification of the common law theories of aiding and abetting and accessories before the fact. *Id.* at 171 (citing *State v. Carson*, 950 S.W.2d 951, 955 (Tenn. 1997)). "No particular act need be shown, and the defendant need not have taken a physical part in the crime in order to be held criminally responsible." *State v. Caldwell*, 80 S.W.3d 31, 38 (Tenn. Crim. App. 2002).

Accordingly, "defendants convicted under a theory of criminal responsibility are considered to be principal offenders, just as if they had committed the crime themselves." *State v. Sherman*, 266 S.W.3d 395, 408 (Tenn. 2008) (citing *State v. Carson*, 950 S.W.2d 951, 954 (Tenn. 1997)).

In this case, Appellant was convicted of first degree murder.[2] He was not convicted of any offense that would be subject to the general sentencing provisions for a Class A felony. Neither does the fact that Appellant was convicted under the legal doctrine of criminal responsibility warrant any deviation from the sentencing provisions for first degree murder, which is punishable by death, life imprisonment without possibility of parole, or life imprisonment with the possibility of parole. T.C.A. § 39-13-202(b)(1)-(3) (1993). Because Appellant was sentenced to imprisonment for life, a

---

[2] Appellant seems to be under the impression that he was convicted of both criminal responsibility for first degree felony murder and criminal responsibility for second degree murder, as he was charged in the indictment. We note that he was only convicted of the former. *See Lorenzo Malone*, 2005 WL 1521788, at *1.

statutorily authorized punishment for first degree murder, Appellant has not stated a colorable claim entitling him to relief under Rule 36.1.

Appellant's argument that the trial court erred by sentencing Appellant without a fixed number of years is meritless. Tennessee Code Annotated section 40-35-501(g)(1) (1993) controls Appellant's release eligibility determination:

> Release eligibility for each defendant receiving a sentence of imprisonment for life for first degree murder shall occur after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant, but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of the sentence . . . .

Appellant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the trial court's summary denial of Appellant's motion to correct an illegal sentence is affirmed.

_____
TIMOTHY L. EASTER, JUDGE