IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 15, 2012

## DERWIN THOMAS v. BRUCE WESTBROOK, WARDEN

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 2011-CR-50      Buddy D. Perry, Judge**

**No. E2011-02586-CCA-R3-PC - Filed September 12, 2012**

The petitioner, Derwin Thomas, filed in the Bledsoe County Circuit Court a petition for a writ of habeas corpus, alleging that the indictment charging him with especially aggravated kidnapping, especially aggravated robbery, and first degree murder was defective for failure to allege the theory of criminal responsibility. The habeas corpus court summarily dismissed the petition, finding that the petitioner failed to allege grounds upon which habeas corpus relief could be granted. On appeal, the petitioner challenges the habeas corpus court's ruling. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Derwin Thomas, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie E. Price, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

A jury found the petitioner guilty of two counts of especially aggravated kidnapping, one count of especially aggravated robbery, and two counts of first degree murder. See State v. Aaron A. Winters and Derwin V. Thomas, No. 02C01-9802-CR-00053, 1999 WL 628968, at *1 (Tenn. Crim. App. at Jackson, Aug. 19, 1999). The trial court sentenced the petitioner to consecutive sentences of life without parole for the murder convictions. The court further imposed concurrent sentences of twenty-five years for each kidnapping conviction and

twenty-five years for the robbery conviction. Id. On direct appeal, this court affirmed the petitioner's convictions and sentences. Id. Thereafter, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel and the denial of a speedy trial. See Derwin Thomas v. State, No. W2002-01964-CCA-R3-PC, 2003 WL 1860538, at *1 (Tenn. Crim. App. at Jackson, Apr. 7, 2003). The petition was denied, and this court affirmed the denial on appeal. Id. The petitioner then filed a petition for a writ of error coram nobis, which was denied as time-barred; on appeal, this court affirmed the denial. See Derwin Thomas v. State, No. W2004-00515-CCA-R3-CO, 2004 WL 2290494, at *1 (Tenn. Crim. App. at Jackson, Oct. 8, 2004).

On October 12, 2011, the petitioner filed the instant petition for habeas corpus relief, alleging that the indictment against him "fail[ed] to fully state [the] crime[] because criminal responsibility was never charged in [the] indictment."[1] The habeas corpus court dismissed the petition without a hearing, finding that the State was not required to allege the theory of criminal responsibility in the indictment. The petitioner appeals this ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). Therefore, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

---

[1] The petitioner also alleged that the trial court failed to instruct the jury on the lesser-included offense of facilitation and solicitation. However, the petitioner has abandoned this claim on appeal.

We note that, typically, challenges to an indictment are not proper for a habeas corpus action. See Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, our supreme court has held that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, (Tenn. 1998). It is undisputed that a valid indictment is essential to establish jurisdiction for prosecution. Id. Generally, an indictment is valid if the information contained therein provides sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997).

Our supreme court has held that "criminal responsibility is not a separate, distinct crime. It is solely a theory by which the State may prove the defendant's guilt of the alleged offense . . . based upon the conduct of another person." State v. Lemacks, 996 S.W.2d 166, 170 (Tenn. 1999). Accordingly, "[a] separate indictment for criminal responsibility is unnecessary when a defendant has been indicted for the primary offense." State v. Sherman, 266 S.W.3d 395, 408 (Tenn. 2008) (citing Lemacks, 996 S.W.2d at 170; State v. Barnes, 954 S.W.2d 760, 763 (Tenn. Crim. App. 1997)). In the instant case, the petitioner was indicted for the offenses of which he was convicted. We agree with the habeas corpus court's finding that the State was not required to allege the theory of criminal responsibility in the indictment.

### III.  Conclusion

In sum, we conclude that the habeas corpus court correctly dismissed the habeas corpus petition. Therefore, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE